## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

February 8, 2021

LETTER TO COUNSEL:

      RE: *Jai P. v. Andrew M. Saul, Commissioner of Social Security*
            Civil No. TJS-19-3371

Dear Counsel:

      On November 23, 2019, Plaintiff Jai P. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      In his application for DIB, Jai P. alleged a disability onset date of April 1, 2013, but later amended the alleged onset date to May 25, 2014. Tr. 1012. His application was previously denied and he appealed to this Court for review of the Commissioner's decision. *Jai P. v. Berryhill*, No. JMC-18-0785 (D. Md.). On December 18, 2018, this Court remanded the case for further consideration. *Id.* On remand, Jai P. appeared before an Administrative Law Judge ("ALJ") for a hearing on July 9, 2019. Tr. 1032-55. In a written decision dated July 26, 2019, the ALJ found that Jai P. was not disabled under the Social Security Act. Tr. 1012-24. Jai P. now seeks review of the decision dated July 26, 2019.

      The ALJ evaluated Jai P.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Jai P. did not engage in substantial gainful activity during the period of May 25, 2014, through his date last insured of June 30, 2015. Tr. 1014. At step two, the ALJ found that Jai P. suffered from the following severe impairments through the date last insured: status post reconstructive surgery of the left ankle and left wrist; left knee impairment; and degenerative disc disease of the cervical and lumbar spine. *Id.* At step three, the ALJ found Jai P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On November 6, 2020, it was reassigned to me.

P, App. 1 ("Listings"). Tr. 1016. The ALJ determined that Jai P. retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he could frequently operate hand controls with the left upper extremity and frequently operate foot controls with the left lower extremity. He could frequently balance, stoop, kneel, crouch, and crawl. He could occasionally climb ramps, stairs, ladders, ropes, and scaffolds.

Tr. 1016.

At step four, the ALJ determined that Jai P. was unable to perform any past relevant work. Tr. 1021. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Jai P. could have performed, including cafeteria attendant, marker, and housekeeping (cleaner). Tr. 1022. Accordingly, the ALJ found that Jai P. was not disabled under the Social Security Act. Tr. 1022-23.

Jai P. raises three arguments in this appeal: (1) the ALJ failed to properly consider Jai P.'s subjective complaints; (2) the ALJ improperly evaluated Jai P.'s activities of daily life; and (3) the ALJ erroneously assessed Jai P.'s RFC. The Court will address these arguments in turn.

Jai P.'s first argument is that the ALJ failed to properly evaluate his subjective complaints. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id*. To evaluate a claimant's statements, the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016).

Jai P. argues that the ALJ erred by requiring "objective evidence to substantiate the intensity, persistence, and limiting effects of his subjective complaints." ECF No. 13-1 at 6. Because Jai P.'s chronic pain is his primary subjective complaint, he argues, the ALJ's error in this regard was "particularly egregious." *Id.* Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. *See Hines v. Barnhart*, 453 F.3d 559, 563-64 n.3 (4th Cir. 2006) (reiterating that while "a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be

2

expected to cause the pain the claimant alleges she suffers") (internal quotation marks omitted). Here, however, the ALJ considered the inconsistency of Jai P.'s alleged symptoms with objective evidence as just one component of the assessment. The ALJ also considered Jai P.'s statements about his symptoms over time, his general improvement with conservative treatment (while also recognizing that "objective findings appeared to wax and wane"), the opinions of treating providers, the opinions of State agency consultants, and his activities of daily living. Tr. 1016-21. Because the ALJ did not rely exclusively on objective evidence in assessing the severity of Jai P's symptoms, this argument is without merit.

Next, Jai P. argues that the ALJ relied too heavily on his activities of daily living to evaluate whether he was disabled. ECF No. 13-1 at 6-8. The ALJ's consideration of Jai P.'s activities of daily living was appropriate. An ALJ must consider all relevant factors when evaluating a Plaintiff's symptoms. *See* 20 C.F.R. § 404.1529(c). If the ALJ had rejected Jai P.'s subjective complaints merely because of his activities of daily living, this case would be subject to remand. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 101 (4th Cir. 2020). But a review of the ALJ's decision makes clear that the ALJ considered Jai P.'s activities of daily living as just one factor relevant to the evaluation of his subjective complaints. *See* Tr. 1016-21.

Jai P.'s next argument is that the ALJ did not properly assess his RFC. ECF No. 13-1 at 8-10. Social Security Ruling 96-8p instructs that an "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). Further, the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. An ALJ must "both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis omitted).

Contrary to his argument, the ALJ adequately assessed Jai P.'s RFC based on the evidence. The ALJ summarized Jai P.'s complaints and statements about his symptoms, the objective medical evidence, and the medical opinions in the record. The ALJ discussed how Jai P.'s physical impairments limited his ability to perform work-related activities, and assessed his RFC based on the effects of these impairments. In doing so, the ALJ built "an accurate and logical bridge form the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Having reviewed the ALJ's decision, the Court finds that the evidence summarized by the ALJ supports the finding that Jai P. can perform the work set forth in the RFC determination. Because the ALJ's narrative RFC discussion and relevant citations to the record enable meaningful review of the ALJ's RFC analysis, Jai P.'s argument is without merit. Jai P. may disagree with the ALJ's conclusions, but this Court is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Finally, Jai P. argues that the ALJ ignored clear evidence that indicated he has difficulties with standing and walking. ECF No. 13-1 at 11. This argument is not persuasive. The ALJ specifically considered evidence regarding Jai P.'s difficulties with standing and walking. The ALJ acknowledged Jai P.'s statements that "he could not walk for more than 20 minutes." Tr. 1017.

The ALJ also considered the impairments that caused Jai P.'s difficulties with standing and walking. *Id.* After reviewing all of the evidence in the record, the ALJ reasoned that Jai P.'s general improvement over time, the conservative nature of his treatment, the fact that surgery was not recommended, the opinions of medical providers and consultants, and the presence of objective findings inconsistent with Jai P.'s description of the severity of his difficulties with standing and walking were all factors that supported finding that Jai P.'s difficulties were not as severe as he stated. Tr. 1017-18. In addition, by restricting Jai P. to light work, the ALJ necessarily accounted for Jai P.'s problems with standing and walking. *See* SSR 83-10, 1983 WL 31251 (S.S.A. 1983) (explaining that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). While there is some evidence in the record to support Jai P.'s position, a review of the ALJ's decision makes clear that his findings were reached only after he considered all of the evidence, including evidence related to Jai P.'s ability to stand and walk. Because the ALJ's findings are supported by substantial evidence, the Court must reject Jai P.'s argument on this point.

      For the reasons set forth herein, Jai P.'s Motion for Summary Judgment (ECF No. 13) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 14) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                        Sincerely yours,

                        /s/
                        Timothy J. Sullivan
                        United States Magistrate Judge